FILED
CLERK
2/24/2016 3:21 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
AMIR SITAFALWALLA

        Plaintiff,

        -against-

TOYOTA MOTOR SALES, U.S.A., INC.,
STAR TOYOTA & SCION OF BAYSIDE,
and JOHN DOES PERSONS INTENDED TO
BE THE TRUE NAME OF TOYOTA,
        Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
15-CV-1807(ADS)(GRB)

**APPEARANCES:**

**George Norman Statfeld, P.C.**
*Attorney for the Plaintiff*
3 West 35th Street
New York, NY 10001
    By: George Norman Statfeld, Esq., Of Counsel

**Eckert Seamans Cherin & Mellott, LLC**
*Attorneys for the Defendants*
10 Bank Street, Suite 700
White Plains, NY 10606
    By: Steven R. Kramer, Esq., Of Counsel

**SPATT, District Judge**.

This case arises from injuries sustained by the Plaintiff Amir Sitafalwalla (the "Plaintiff") on August 20, 2005 in an automobile accident while driving a 2005 Toyota Scion.

On January 15, 2015, the Plaintiff commenced this action by filing a complaint in the New York State Supreme Court, Queens County, against the Defendants (i) Toyota Motor Sales, U.S.A., Inc. ("Toyota"), the manufacturer of the Plaintiff's vehicle; (ii) Star Toyota & Scion of Bayside ("Star"), the dealership where the Plaintiff purchased his vehicle; and (iii) John Does persons intended to be the true name of Toyota (collectively, the "Defendants").

1

On March 5, 2015 and March 18, 2015, respectively, the Plaintiff served a summons and verified complaint on Toyota and Star.

On April 3, 2015, the Defendants filed a timely notice of removal to this Court pursuant to 28 U.S.C. 1441 on the basis of diversity jurisdiction.

Presently before the Court is (i) a motion by the Defendants pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint; and (ii) a cross-motion by the Plaintiff to remand the case to state court.

For the reasons set forth below, the Plaintiff's cross-motion to remand is denied and the Defendants' motion to dismiss the complaint in its entirety is granted.

## I. BACKGROUND

### A. The 2008 Action

As explained in more detail below, the Defendants assert that the present action is barred under *res judicata* principles by a previous action commenced by the Plaintiff against Toyota on June 19, 2008 in the New York State Supreme Court, Nassau County, to recover monetary damages arising from the same injuries at issue in the present action (the "2008 Action"). (See Notice of Removal, 8-cv-3001, Dkt. No. 1, Ex. A.) Accordingly, the Court finds it necessary to provide a brief summary of the facts underlying the 2008 Action.

On July 23, 2008, Toyota filed a timely notice pursuant to 28 U.S.C. § 1441 to remove the 2008 Action from State Court to this Court on the basis of diversity of citizenship jurisdiction. (See id.) The case was assigned to United States District Court Judge Thomas C. Platt and United State Magistrate Judge E. Thomas Boyle.

On March 15, 2010, the Plaintiff filed an amended complaint asserting the following five causes of action against Toyota: (i) Toyota "negligently manufactur[ed] . . . [P]laintiff's 2005

Toyota Scion . . . [by] failing to correct a faulty electronic throttle control system which caused the . . . sudden unintended acceleration"; (ii) Toyota breached an express warranty by selling the Plaintiff a "product . . . with a faulty electronic throttle control system"; (iii) Toyota breached an implied warranty by selling and delivering to the Plaintiff a car with a "faulty electronic throttle control system" and "faulty floor mat components"; (iv) a strict liability claim arising from the allegedly improper and defective design of the Plaintiff's 2005 Toyota Scion; and (v) Toyota failed to warn the Plaintiff of the potentially dangerous design defects in his Toyota Scion. (See Am. Compl., 8-cv-3001, Dkt. No. 22, at ¶¶ 15, 22–23, 31, 28–39, 58.)

On November 18, 2010, Judge Platt so-ordered the parties' consent to the jurisdiction of Magistrate Judge Boyle to conduct all proceedings in this matter.

The pre-trial order, dated December 7, 2010, proposed by the parties and approved by the Court described the Plaintiff's claims as follows:

> Plaintiff claims that the [D]efendant was negligent in the following manner: in distributing and assembling the [P]laintiff's vehicle into the consumer market with inadequate electrical throttle control systems affecting unwarranted sudden unintended acceleration. Plaintiff claims a faulty driver's mat and failure to have proper installation of same and warning concerning the use of mats in the [P]laintiff's vehicle. Plaintiff claims negligence in the failure to have a brake override system which would have prevented the vehicle from suddenly accelerating.

(Joint Pre-trial Order, 8-cv-3001, Dkt. No. 36, at 2.)

On March 25, 2011, Judge Boyle granted a motion by the Defendants pursuant to Fed. R. Civ. P. 42(b) to bifurcate the trial into a liability phase and a damages phase. (See Order, 8-cv-3001, Dkt. No. 66.)

From March 29, 2011 to April 1, 2011, a jury trial was held on the liability of Toyota as to the Plaintiff's claims.

On April 1, 2011, the jury found that Toyota was not liable on the Plaintiff's claims. To that end, the jury filled out a verdict sheet indicating that (i) the Plaintiff had failed to "establish[] by a preponderance of the evidence that the Plaintiff's 2005 Toyota Scion TC was defective"; and (ii) "[a]t the time that the Plaintiff's 2005 Scion TC was manufactured," the vehicle was "reasonably fit to be used for its ordinary purposes." (See Verdict Sheet, 8-cv-3001, Dkt. No. 76, at 1–2.)

Accordingly, on April 4, 2011, the Court entered judgment in favor of Toyota and dismissed the 2008 Complaint with prejudice. (See Judgment, 8-cv-3001, Dkt. No. 80.)

**B. The 2015 Action**

As noted above, on January 15, 2015, the Plaintiff filed a complaint (the "2015 Complaint" or the "2015 Action") in New York State Supreme Court, Queens County, against the Defendants Toyota, Star, and John Does, persons intended to be the true name of Toyota.

The 2015 complaint asserts two unlabeled causes of action against the Defendants.

The first cause of action seeks $500,000 in monetary damages and contains the following allegations: (i) "[a]t no time did the authorized distributor Star Toyota & Scion Bayside or [the] [D]efendant's affiliates inform[] the [P]laintiff about problems concerning [sudden unintended acceleration] prior to the [P]laintiff's accident"; (ii) "such knowledge was available and known to the [D]efendants"; (iii) "[T]he [P]laintiff relied on the [D]efendants' statement and warranties, express and implied, to his detriment in that the concealment of same was intentional and deceiving by the [D]efendants"; (iv) "[T]hat as a result of the same, the [P]laintiff purchased the vehicle without knowledge of the prior [sudden unintended acceleration] claims to his detriment in that his car suddenly accelerated causing his injuries"; and (v) "[T]he [D]efendants admitted in a plea of guilty and or admission of withholding [sudden intended acceleration] claims on or

4

about March 1, 2014." (2015 Complaint, 15-cv-1807, Dkt. No. 1, at Ex. A [Hereinafter the "2015 Complaint"], at ¶¶ 9–13, 15.)

The 2015 Complaint also contains a second cause of action seeking $10 million in punitive damages for the "[D]efendants' deliberate concealment and material representation." (Id. at ¶ 18.)

As noted, on April 3, 2015, the Defendants removed the 2015 Action to this Court on the basis of diversity jurisdiction.

## II. DISCUSSION

Presently before the Court is (i) the Rule 12(b)(6) Defendants' motion to dismiss the complaint in its entirety on *res judicata* grounds; and (ii) the Plaintiff's cross-motion to remand the case back to New York State Supreme Court for lack of diversity jurisdiction.

As the Court cannot rule on the Defendants' Rule 12(b)(6) motion until it resolves the jurisdictional question raised by the Plaintiff's cross-motion to remand, the Court will address the cross motion to remand first.

### A. As to the Plaintiff's Cross-Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Stated simply, "for a federal court to have removal jurisdiction, it must have original subject matter jurisdiction over a cause of action." Sleppin v. Thinkscan.com, LLC, 55 F. Supp. 3d 366, 372 (E.D.N.Y. 2014) (Spatt, J); see also Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994) ("Under 28 U.S.C. § 1441, a civil action filed in state court may be removed

5

by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim.").

In that regard, federal district courts have original subject matter jurisdiction over (i) "civil actions arising under the Constitution, laws, or treaties of the United States," also known as "federal question jurisdiction," 28 U.S.C. § 1331; and (ii) "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states," also known as "diversity of citizenship jurisdiction," 28 U.S.C. § 1332(a).

Following the removal of a state court action, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "'Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.'" California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (parenthetically quoting United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

As noted, the basis for the Defendants' removal of the present action is diversity of citizenship jurisdiction. Relevant here, "[t]he citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004); see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) ("[T]his Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship.") (citing Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806)).

In the present case, as currently pled, there is no complete diversity. That is because it is undisputed that (i) the Plaintiff is a citizen of New York; (ii) the Defendant Toyota is a California corporation with its principal place of business in California; and (iii) the Defendant Star is a New York corporation with its principal place of business in Bayside, New York. (See Notice of Removal, 15-cv-1807, Dkt. No. 1, at ¶ 4–7; the Pl.'s Opp'n Mem. of Law, 15-cv-1807, Dkt. 9–3, at 3.)

Nevertheless, the Defendants assert that the Court should disregard the citizenship of Defendant Star because it was "fraudulently joined." (See Notice of Removal, 15-cv-1807, Dkt. No. 1, at ¶ 11.) Once its citizenship is disregarded, the Defendants assert that there is diversity of citizenship sufficient to confer jurisdiction over this matter. (See id.) The Court agrees.

"The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004). "Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Brown v. Eli Lilly & Co., 654 F.3d 347, 356 (2d Cir. 2011) (quoting Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 215 (2d Cir. 2010)). Importantly, "'[t]he defendant bears the heavy burden of proving the circumstances by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff.'" Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 215 (2d Cir. 2010) (quoting Briarpatch, 373 F.3d at 302).

The Defendants assert that the Plaintiff's fraudulent inducement claim against Star fails as a matter of law because: (i) in the 2008 Action, the Plaintiff "took the unequivocal position that the [Star] did not, and could not, be responsible for the alleged unintended acceleration

7

defects in his 2005 Scion tC," and therefore, "judicial estoppel bars [the] [P]laintiff's attempted turn-around"; and (ii) the Plaintiff's claims against Star are precluded by the jury's finding in the 2008 Action that "there were no unintended acceleration defects in [the] [P]laintiff's Scion tC." (The Def.'s Opp'n Mem. of Law, 15-cv-1807, Dkt. No. 12, at 4.)

In his cross-motion to remand, the Plaintiff asserts that his claim against the Defendant Star was not added "fraudulently" because "[t]he issue is the distributor holding back information which would have put the [P]laintiff on notice of defective problems with the vehicle." (The Pl.'s Opp'n Mem. of Law, 15-cv-1807, Dkt. No. 9–3, at 3.)  Although not entirely clear, it appears that the Plaintiff is asserting that his fraudulent inducement claim against Star is somehow different in kind than the product liability claims he asserted against Toyota in the 2008 Action, and therefore, the application of the doctrine of *res judicata* is inappropriate.

The Court agrees with the Defendants that under the doctrine of collateral estoppel or issue preclusion, the jury's verdict in the 2008 Action precludes the Plaintiff from asserting similar claims against Star arising from the same alleged defects in his 2005 Scion TC. Therefore, it need not reach the issue of judicial estoppel.

The preclusive effect of a judgment by a federal court sitting in diversity depends on the federal common law, which incorporates "'the law that would be applied by state courts in the State in which the federal diversity court sits.'"  Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001); see also Taylor v. Sturgell, 553 U.S. 880, 891 n. 4, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.")

The 2008 Action was a diversity action before Judge Boyle and decided by a jury in this District. Under these circumstances, the Court will look to New York law to determine the preclusive effect of the judgment in favor of Toyota in the 2008 Action.

Under New York law, "[t]he term res judicata, which means essentially that the matter in controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 107 (2d Cir. 2015).

First, under New York's conception of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. (quoting Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L.Ed.2d 155 (2008)); see also Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008) ("Under New York law, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (quoting Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)).

To successfully assert a defense of claim preclusion, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000)); see also Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 347, 712 N.E.2d 647 (N.Y. 1999) ("Under *res judicata*, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action . . . As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of

9

transactions are barred, even if based upon different theories or if seeking a different remedy.") (internal quotation marks and citations omitted).

Second, and relatedly, issue preclusion or collateral estoppel bars re-litigation of an issue when "'[i] the issues of both proceedings [are] identical, [ii] the relevant issues were actually litigated and decided in the prior proceeding, [iii] there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and [iv] the issues were necessary to support a valid and final judgment on the merits." Schwartz v. HSBC Bank USA, N.A., No. 14 CIV. 9525 (KPF), 2016 WL 552957, at *6 (S.D.N.Y. Feb. 9, 2016) (quoting Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995)); see also City of New York v. Welsbach Elec. Corp., 9 N.Y.3d 124, 128, 878 N.E.2d 966 (N.Y. 2007) ("This doctrine [of collateral estoppel] applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action'") (quoting Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 349, 712 N.E.2d 647 (N.Y. 1999)).

Finally, the party seeking to invoke the benefit of either claim preclusion or issue preclusion "bears the burden of establishing its applicability." Tracy v. Freshwater, 623 F.3d 90, 99 (2d Cir. 2010) (quoting Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006)); see also Computer Associates Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997) ("The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action.").

In the present case, the Defendant Star was not a party in the 2008 Action, nor has there been any showing that it is in privity with the Defendant Toyota. Accordingly, the Court will look to principles of issue preclusion and not claim preclusion to determine the effect of the 2008 jury verdict on the Plaintiff's claims against Star.

10

With respect to the first "identity of issue" requirement of issue preclusion, in the 2008 Action, the Plaintiff asserted claims against Toyota for negligence, strict liability, breach of an implied and express warranty, and failure to warn. (See Am. Compl., 8-cv-3001, Dkt. No. 22.) All of these claims against Toyota arose from the allegations that the 2005 Scion TC purchased by the Plaintiff had defects which caused the Plaintiff's vehicle to suddenly accelerate, leading to the August 20, 2005 accident. (See id.)

Here, the 2015 complaint asserts claims against the Defendant Star for $500,000 in monetary damages and $10 million in punitive damages arising from Star's alleged failure to "inform[] the [P]laintiff about problems concerning [sudden unintended acceleration] prior to the Plaintiff's accident." (See 2015 Compl. at ¶ 15.) Implicit in his fraudulent omission claims against Star is that the car sold by Star to the Plaintiff was in fact defective. Indeed, in his memorandum, the Plaintiff makes clear that the issue of whether the Plaintiff's car was defective is central to his claim against Star — "[t]he issue [in this case] is the distributor [Star] holding back information would have put the [P]laintiff on notice of <u>defective problems with the vehicle</u>." (The Pl.'s Mem. of Law, Dkt. No. 9–3, at 3.) (emphasis added).

Therefore, the issue of whether the Plaintiff's 2005 Scion TC was defective was present and material in both the 2008 Action and the present action. Accordingly, the first requirement of issue preclusion is satisfied.

With respect to the second and third elements of issue preclusion — namely, that the relevant defect issue was actually litigated and decided in the 2008 Action and that there was a full and fair opportunity for litigation of the issue — the Plaintiff presented witnesses and evidence with regard to the alleged defect in his 2005 Scion TC over the course of a six-day jury trial. Subsequently, the jury unanimously found that (i) the Plaintiff "had not established a

11

preponderance of evidence that the Plaintiff's 2005 Scion TC was defective"; and (ii) "at the time that the Plaintiff's 2005 Scion TC was manufactured," the vehicle was "reasonably fit to be used for its ordinary purposes." (See Verdict Sheet, 8-cv-3001, Dkt. No. 76, at 1–2.)

Under these circumstances, there is no question that in the 2008 Action, the Plaintiff had a full and fair opportunity to present evidence with regard to the alleged defects in his automobile. The issue was hotly contested, and the jury decided against the Plaintiff on that issue. Accordingly, the second and third requirement for issue preclusion are also met.

Finally, with respect to the fourth requirement — as in, whether the defect issue was essential to the entry of judgment against the Plaintiff in the 2008 Action and is essential to the Plaintiff's present fraud claims against Star — it is clear from the jury's verdict in the 2008 Action that the issue of whether the Plaintiff's car was defective was the principal issue in resolving the Plaintiff's product liability claims against Toyota. Indeed, the jury's verdict on the defect issue formed the basis of Judge Boyle's later entry of judgment against the Plaintiff.

Similarly, in the instant case, in order for the Plaintiff to succeed on his fraud claims against the Defendant Star, the Plaintiff must allege that he suffered an injury as a result of Star's failure to disclose information regarding the risk of sudden unintended acceleration in Scion vehicles. See Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 57, 720 N.E.2d 892, 898 (N.Y. 1999) ("Plaintiffs' failure to present a legally cognizable injury also renders their common-law fraudulent concealment claims insufficient on their face. To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury."); DeRiso v. Synergy USA, 6 A.D.3d 152, 153, 773 N.Y.S.2d 563 (First Dep't 2004) ("An act of deception, entirely independent or separate from any injury, is not

12

sufficient to state a cause of action under a theory of fraudulent concealment[.]") (internal quotation marks and citations omitted).

Thus, the question of whether the Plaintiff's injuries were caused by the alleged defects in his car relating to a sudden unintended acceleration is also dispositive of the Plaintiff's claim against Star. The fact that the jury has already decided that question against the Plaintiff in the 2008 Action makes it highly likely that a state court would dispose of his claim against Star under the principles of collateral estoppel. See, e.g., SSJ Dev. of Sheepshead Bay I, LLC v. Amalgamated Bank, 128 A.D.3d 674, 676, 10 N.Y.S.3d 105, 108 (Second Dep't 2015) ("In this case, the claims sought to be relitigated are identical to those that were decided against the plaintiffs in the foreclosure action. These claims were material to the action and were essential to the decision rendered. Moreover, the plaintiffs had a full and fair opportunity to contest the prior determination . . . . Indeed, the plaintiffs have conceded that the allegations they are presenting in this action were previously before the Supreme Court and that the court rejected those allegations. Accordingly, the plaintiffs are collaterally estopped from pursuing this action."); Sun Mei Inc. v. Chen, 21 A.D.3d 265, 266, 800 N.Y.S.2d 133, 134 (First Dep't 2005) ("Since the validity of the lease was decided in a prior proceeding in which plaintiffs had a full and fair opportunity to contest the issue, this action was also barred by collateral estoppel."); Ackermann v. Haugaard, 208 A.D.2d 664, 664-65, 617 N.Y.S.2d 525, 526 (Second Dep't 1994) ("Inasmuch as the plaintiff previously litigated the issue regarding the existence of the agreement and the court necessarily determined that issue adversely to him in denying his motion to dismiss . . . , the plaintiff is barred by the doctrine of collateral estoppel from maintaining the present action, which is premised on the same theory which the court necessarily rejected in the prior assault action.").

Therefore, the Court finds that the Defendants have shown by clear and convincing evidence that the Plaintiff's claims against Star would be dismissed if this case were remanded to state court. Accordingly, the Court applies the doctrine of fraudulent joinder and overlooks Star's citizenship for jurisdictional purposes. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) ("In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.").

The Plaintiff is a New York citizen and Toyota is a California corporation, and the Plaintiff's damages claims against Toyota exceed $10 million. Accordingly, disregarding the Defendant Star's citizenship, the Court does have jurisdiction over this action on the basis of diversity of citizenship, and therefore, the Plaintiff's motion to remand is denied.

Now that the Court has resolved the jurisdictional question, it may turn to the merits of the Defendants' motion to dismiss.

## B. As to the Defendants' Motion to Dismiss

As described earlier, the Court finds that the Plaintiff's claim against Star fails as a matter of law under the doctrine of issue preclusion. In addition, the Defendants moves to dismiss the claims against Toyota because they assert that the claims are barred under the doctrine of claim preclusion. Again, the Court agrees.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court generally "'accept[s] all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d

14

Cir. 2009) (quoting Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003)). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twomly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In particular, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); Luna v. N. Babylon Teacher's Org., 11 F. Supp. 3d 396, 401 (E.D.N.Y. Apr. 7, 2014) ("Conclusory allegations of legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.") (citing Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006)).

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). Relevant here, "a court is permitted to take judicial notice of public records, which includes complaints and other documents filed in federal court." Medcalf v. Thompson Hine LLP, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015); cf. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) ("W[e] may also look to public records, including complaints filed in state court, in deciding a motion to dismiss.").

Accordingly, as the jury's verdict in the 2008 Action is explicitly referenced in the 2015 complaint, see 2015 Compl. at ¶¶ 4–5, and the documents in that case have been publicly filed, the Court will consider them in deciding the Defendants' present motion to dismiss. See Yan Won Liao v. Holder, 691 F. Supp. 2d 344, 352 (E.D.N.Y. 2010) ("As defendants' motion is predicated on proceedings in the United States District Court for the Central District of California, this Court takes judicial notice of public documents filed in connection with Costelo v. Chertoff[.]").

As noted earlier, "'[t]he doctrine of res judicata, or claim preclusion, applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" Hecht v. United Collection Bureau, Inc., 691 F.3d 218, 221-22 (2d Cir. 2012) (quoting In re Adelphia Recovery Trust, 634 F.3d 678, 694 (2d Cir. 2011)).

The Plaintiff does not appear to dispute — nor could they for reasons already discussed above — that the first three elements are met because (i) the Plaintiff tried his defective product claims against Toyota before a jury in the 2008 Action; (ii) the jury found that the Plaintiff failed to show that his 2005 Scion TC was defective and as a result, Judge Boyle issued a judgment against the Plaintiff on his product liability claims; and (iii) both the 2008 Action and the present action involve the same parties and the same Toyota vehicle.

However, the Plaintiff appears to assert that the fourth requirement of claim preclusion — namely, that the 2008 Action involved the same cause of action against Toyota — is not satisfied because, according to the Plaintiff, the 2015 complaint "clearly state[s] a different set of facts and allegations which only became known on March 2014 as previously stated." (The Pl.'s Mem. of Law, 15-cv-1807, Dkt. No. 9–3, at 2–3.)

In response, the Defendants assert that the although the Plaintiff asserts a different legal theory in this case against Toyota — namely, fraud — than he did in the 2008 action which rested primarily on product liability and negligence theories, his fraud claims are still precluded because they arise from the same facts and circumstances at issue in the 2008 Action. (See the Defs.' Mem. of Law, 15-cv-1807, Dkt. No. 7, at 10–11.) Again, the Court agrees.

Of importance, in New York, claim preclusion not only bars claims that were asserted in a prior action but also claims that could have been raised in a prior action. See Marcel Fashions Grp., Inc., 779 F.3d at 108 ("The [claim preclusion] doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not."). "Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) (quoting Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir. 1992)).

In the 2008 action, the Plaintiff asserted damages claims against the Defendants arising from an August 20, 2005 incident, in which the Plaintiff got into an accident in Port Washington while driving a 2005 Scion TC. (See Joint Pre-trial Order, 8-cv-3001, Dkt. No. 36, at 4.) In the pre-trial order, the Plaintiff made clear that his negligence, failure to warn, breach of warranty, and product liability claims arose from the allegation that Toyota manufactured the 2005 Scion TC with an "inadequate electrical throttle control systems" and a "faulty driver's mat," and those alleged defects caused the Plaintiff's vehicle to suddenly accelerate. (See Joint Pre-trial Order, 8-cv-3001, Dkt. No. 36, at 2.)

17

In the 2015 Action, the Plaintiff's fraud claims against Toyota arise from the same injuries, the same car, and the same August 20, 2005 accident. Specifically, the 2015 Complaint alleges: (i) "[o]n or about August 20, 2005, the [P]laintiff was the owner of a 2005 Toyota Scion"; (ii) the Plaintiff "was the operator of the above said vehicle"; and (iii) "while operating the above said vehicle at the location of his driveway, said vehicle, without warning, suddenly accelerated causing the [P]laintiff permanent physical injuries." (See 2015 Compl. at ¶¶ 1–4.).

Clearly, the facts and circumstances underlying the Plaintiff's fraud claims in this action are identical to the facts and circumstances underlying the Plaintiff's product liability claims in the 2008 Action. Thus, even though the Plaintiff asserted fraud claims against Toyota for the first time in this action, he could have raised the claims in the 2008 action. Therefore, he is barred from doing so now under doctrine of claim preclusion. See Aghaeepour v. N. Leasing Sys., Inc., No. 14 CV 5449 (NSR), 2015 WL 7758894, at *7 (S.D.N.Y. Dec. 1, 2015) ("[U]nder New York's transactional approach to *res judicata*, 'a later claim arising out of the same factual grouping as an earlier litigated claim [is barred,] even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); Jiggetts v. New York City Dep't of Citywide Admin. Servs., No. 11 CIV. 1245 (PAC) (FM), 2012 WL 231566, at *5 (S.D.N.Y. Jan. 6, 2012) ("Accordingly, '[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.'") (quoting Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir. 2002)); Ramirez v. Brooklyn Aids Task Force, 175 F.R.D. 423, 427 (E.D.N.Y. 1997) ("[W]hatever legal theory is advanced, when the factual predicate upon which claims are based [is] substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*.").

In the 2015 complaint, the Plaintiff makes reference to the fact that on March 1, 2014, after the April 1, 2011 jury verdict in the 2008 Action, Toyota "admitted in a plea of guilt and or admission of withholding [sudden unintended acceleration] claims." (The 2015 Compl. at ¶ 15.) He appear to contend in his legal memorandum that this "new" evidence renders the application of claim preclusion inappropriate in this case. (See the Pl.'s Mem. of Law, 15-cv-1807, Dkt. No. 9–3, at 2–3.) Again, the Court finds the Plaintiff's argument to be without merit.

"As a general rule, newly discovered evidence does not preclude the application of *res judicata*" unless "the evidence was either fraudulently concealed or . . . it could not have been discovered with due diligence." Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991).

However, "[w]holly conclusory allegations of fraudulent concealment . . . are insufficient to avoid res judicata." Barash v. N. Trust Corp., No. 07CV5208 (JFB) (ARL), 2009 WL 605182, at *9 (E.D.N.Y. Mar. 6, 2009); see also Saabirah El v. City of New York, 300 F. App'x 103, 105 (2d Cir. 2008) (summary order) (rejecting a defense to *res judicata* on the basis of newly discovered evidence because the plaintiff's "allegations of 'fraudulent concealment' are wholly conclusory."); Bey v. City of New York, No. 01 CIV. 8906, 2010 WL 3910231, at *10 (S.D.N.Y. Sept. 21, 2010) (same); Rene v. Jablonski, No. 08-CV-3968 JFB AKT, 2009 WL 2524865, at *9 (E.D.N.Y. Aug. 17, 2009) (same).

Here, the Plaintiffs fails to explain the circumstances of Toyota's alleged guilty plea in 2014, **or** how that 2014 plea agreement relates to the 2005 Scion TC at issue in this case. Thus, other than the Plaintiff's conclusory allegations, there is no basis for the Court to conclude that this "new evidence" has any bearing on the present matter, let alone that Toyota fraudulently concealed this evidence in the context of the 2008 Action. Thus, the Court rejects the Plaintiff's

apparent contention that *res judicata* should not be applied to his claims against Toyota on the basis of newly discovered evidence.

In sum, the Court finds that the Plaintiff's fraud claims against Toyota arose from the same facts and circumstances at issue in the 2008 Action. Therefore, in light of the jury's verdict in favor of Toyota in the 2008 action, the Plaintiff's subsequent claims against Toyota in this action are barred under the doctrine of claim preclusion, and the Plaintiff's claims against Star are barred under the doctrine of issue preclusion.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's cross-motion to remand is denied, and the Defendants' motion to dismiss the complaint in its entirety is granted. The Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
February 24, 2015

> */s/ Arthur D. Spatt*
> ARTHUR D. SPATT
> United States District Judge